UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1115 PA (ASx) | | Date | February 6, 2019 |
|---|---|---|---|---|
| Title | Cameroon Ass'n of Victims of Ambazonia Terrorism Inc. v. Ambazonia Foundation Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is an "Emergency Application for Temporary Restraining Order" ("Ex Parte TRO") (Docket No. 8) filed by plaintiff Cameroon Association of Victims of Ambazonia Terrorism Inc. ("CAVAT" or "Plaintiff").  This is one of at least four actions filed by Plaintiff's counsel in the Central District of California.  See Jane Doe v. Christopher Fobeneh, et al. Case No. CV 19-995 R (SKx); Jane Doe v. Ambazonia Foundation Inc., et al., Case No. CV 19-3084 CBM (KSx); Jane Doe v. Christopher Fobeneh, Case No. CV 19-6720 PA (SKx).[1/]  All four actions arise out of what, according to the allegations contained in the Complaint filed in this action, are extremely concerning and tragic events occurring in Cameroon allegedly assisted and supported by persons located within the United States.

According to the Complaint, defendants Ambazonia Foundation Inc. ("AFI"), Ambazonia Interim Government ("AIG"), Ambazonia Governing Council ("AGC"), Ambazonia Defense Forces ("ADF"), Tapang Ivo Tanku ("Tanku"), and Christopher Anu Fobeneh ("Fobeneh") (collectively "Defendants"), are associated with and control an armed militia group seeking to overthrow the government in the Northwest and Southwest ("NOSO") region of Cameroon.  The Complaint alleges that Defendants announced on January 7, 2020, that there will be a "total lockdown of NOSO during the periods of February 6, 2020 through February 12, 2020" and instructed fighters associated with the militia "that anyone who steps out of their homes during that lockdown, or operates any business, will be abducted, or killed."  (Compl. ¶ 51.)  These allegations are similar to allegations contained in the prior actions filed by Plaintiff's counsel, in which the plaintiffs in those prior action alleged that the militia's leaders announced lockdowns for other periods of time.  CAVAT asserts that the lockdown threats, as well as abductions and killings in Cameroon, harm CAVAT's efforts to provide humanitarian services in the region.

---

[1/]     Although the Civil Cover Sheet filed in this action listed Case Nos. CV 19-995 R (SKx) and CV 19-3084 CBM (KSx), it did not list CV 19-6720 PA (SKx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1115 PA (ASx) | | Date | February 6, 2019 |
|---|---|---|---|---|
| Title | Cameroon Ass'n of Victims of Ambazonia Terrorism Inc. v. Ambazonia Foundation Inc., et al. | | | |

Plaintiff's Complaint alleges claims against Defendants for:  (1) conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign county in violation of 18 U.S.C. § 956; (2) providing material support to terrorists in violation of 18 U.S.C. § 2339A; (3) expedition against a friendly country in violation of the Neutrality Act, 18 U.S.C. § 960; and (4) financing of terrorism in violation of 18 U.S.C. § 2339C.  The Ex Parte TRO seeks to temporarily restrain Defendants from:

1. Engaging in conduct or actions, or conspire to engage in such conducts or actions, including actions such as abductions, arson, arrests, killings, kidnappings, human rights violations, war crimes, assault, battery, harass, intimidate, molest, attack, strike, stalk, threaten, hit, abuse, or disturb the peace of plaintiff, its members, its victims, or those similarly situated.

2. Providing any assistance like money, logistics, expert advise or assistance, personnel, weapons, bullets, to the armed non-state groups in Cameroon.

3. Providing or preparing for, or furnishing the money for, any military expedition or enterprise to be carried out against the Republic of Cameroon.

4. Collecting funds, directly or indirectly, with the intention that such funds be used, or knowledge that the funds will be used, to cause death or serious bodily injury to a civilian, or to any other person not taking an active part in the hostilities in a situation of armed conflict, when the purpose of such an act is to intimidate a population, or to compel a government or an international organization to do or to abstain from doing any act.

5. Ordered to declare, by spokesman and de facto leader, Ivo Tanku Tapang for AGC defendants, and Communications Secretary Christoperh Anu Fobeneh a.k.a. Chris Anu for AIG defendants, and post on their social media forums on Facebook and YouTube that:  "Any civilians who do not obey their 'total lockdown' orders on February 6, 2020 through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1115 PA (ASx) | | Date | February 6, 2019 |
|---|---|---|---|---|
| Title | Cameroon Ass'n of Victims of Ambazonia Terrorism Inc. v. Ambazonia Foundation Inc., et al. | | | |

> February 12, 2020, will not be harmed and they will not agree
> or provide funding to the armed groups to commit any acts of
> killings, abductions, destruction of property, torture, maiming
> of anyone."

(Docket No. 10, Attach. 9.)

     Much like the efforts undertaken by Plaintiff's counsel to obtain injunctive relief in Case No. CV 19-6720 PA (SKx), the Ex Parte TRO filed in this action does not comply with the requirements of Local Rule 7-19, which provides:

> **L.R. 7-19.1 Notice of Application.** It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel fo all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

> **L.R. 7-19.2 Waiver of Notice.** If the judge to whom the application is made finds that the interest of justice requires that the ex parte application be heard without notice (which in the instance of a TRO means that the requisite showing under F.R.Civ.P. 65(b) has been made), the judge may waive the notice requirement of L.R. 7-19.1.

Local Rule 7-19. Here, Plaintiff's counsel filed a "Notice to Counsel of Ex Parte Application for Temporary Restraining Order" in which he states that he advised those he characterizes as being counsel for Fobeneh and Tanku of the Ex Parte TRO on February 4, 2020, and February 5, 2020. The "Notice to Counsel" does not "advise the Court in writing and under oath" if counsel "opposes the application." Nor have the counsel identified by Plaintiff's counsel appeared in this action and Plaintiff's counsel does not state that the attorneys he contacted plan to represent Fobeneh and Tanku in this action. Additionally, although the documents filed in support of the Ex Parte TRO include a Certificate of Service indicating that Plaintiff served "on all parties of record" the Ex Parte TRO and supporting documents "by using the CM/ECF system," the Docket in this action does not reflect that any parties or attorneys have been added to this action or were served with the Ex Parte TRO and supporting documents through the CM/ECF system. See Local Rule 5-3.2.1 ("Individuals who have not appeared in the case in the Court . . . must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1115 PA (ASx) | | Date | February 6, 2019 |
|---|---|---|---|---|
| Title | Cameroon Ass'n of Victims of Ambazonia Terrorism Inc. v. Ambazonia Foundation Inc., et al. | | | |

served in accordance with F. R. Civ. P. 5, and proof of service must be made by declaration in the form required by Local Rule 5-3.1.2.").

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

A plaintiff faces an exceedingly high burden when seeking such relief on an ex parte basis. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures"). Indeed, the Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). To justify the issuance of a temporary restraining order without notice, a plaintiff ordinarily "'must do more than assert that the adverse party would dispose of evidence if given notice'" and "'must show that defendants would have disregarded a direct court order . . . within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders . . . .'" Id. (quoting First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650-52 (6th Cir. 1993)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1115 PA (ASx) | | Date | February 6, 2019 |
|---|---|---|---|---|
| Title | Cameroon Ass'n of Victims of Ambazonia Terrorism Inc. v. Ambazonia Foundation Inc., et al. | | | |

Here, the Court concludes that CAVAT has not established that it is entitled to the Temporary Restraining Order it seeks as a result of Plaintiff's counsel's failures to comply with Local Rules 5-3.2.1 and 7-19.  Plaintiff has failed to present facts or argument that relieve it of its responsibility to provide Defendants with timely and adequate notice and service of the Complaint and Ex Parte TRO.

The Court additionally concludes that CAVAT has not satisfied its burden to satisfy the requirements for injunctive relief or to establish that the injunction it seeks would prevent the irreparable harm it claims it will suffer as a result of the most recent lockdown threats.  See Melendres v. Arpaio, 784 F.3d 1254, 1265 (9th Cir. 2015) ("We have long held that injunctive relief 'must be tailored to remedy the specific harm alleged.'") (quoting Lamb-Weston, Inc. V. McCain Foods, Ltd., 941 F.2d 970, 974 (9th Cir. 1991)).  Unfortunately, it is not clear that any injunction the Court could issue would provide Plaintiff with the relief it seeks.  The criminal statutes on which CAVAT bases its civil claims already prohibit the activities CAVAT seeks to prevent Defendants from conducting, and at least two of those statutes, 18 U.S.C. §§ 956 & 960 do not appear to create a private right of action.  See Bauer v. Marmara, 774 F.3d 1026, 1034 (D.C. Cir. 2014); Sanchez-Espinoza v. Reagan, 770 F.2d 202, 210 (D.C. Cir. 1985) ("It would be doubly difficult to find a private damage action within the Neutrality Act, since this would have the practical effect of eliminating prosecutorial discretion in an area where the normal desirability of such discretion is vastly augmented by the broad leeway traditionally accorded the Executive in matters of foreign affairs.").  Additionally, although the Antiterrorism Act ("ATA") authorizes a civil remedy for nationals of the United States to sue for injuries they have suffered "by reason of an act of international terrorism" and recover treble damages, the statute does not expressly provide for injunctive relief.  18 U.S.C. § 2333.  Plaintiff cites to no authority applying the ATA in which a court has granted injunctive relief like that sought here.  Instead, the injunctive relief Plaintiff seeks appears to be designed more to trigger future contempt proceedings than to prevent Plaintiff's irreparable harm.

The Court additionally notes that by seeking an order requiring Defendants to make certain statements disavowing a lockdown, CAVAT asks this Court to compel Defendants to make certain statements.  That type of relief raises significant First Amendment considerations.  See Riley v. Nat'l Fed'n of Blind, Inc., 487 U.S. 781, 796, 108 S. Ct. 2667, 101 L. Ed. 2d 669 (1988).  The First Amendment protects not only "the right to speak freely," but also "the right to refrain from speaking at all."  Wooley v. Maynard, 430 U.S. 705, 714, 97 S. Ct. 1428, 51 L. Ed. 2d 752 (1977); see also Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston, 515 U.S. 557, 573, 115 S. Ct. 2338, 132 L. Ed. 2d 487 (1995) ("[O]ne important manifestation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-1115 PA (ASx) | | Date | February 6, 2019 |
|---|---|---|---|---|
| Title | Cameroon Ass'n of Victims of Ambazonia Terrorism Inc. v. Ambazonia Foundation Inc., et al. | | | |

of the principle of free speech is that one who chooses to speak may also decide what not to say.").

For all of the foregoing reasons, the Court concludes that CAVAT has not established that it has complied with the requirements for an Ex Parte Application for Temporary Restraining Order or that the preliminary injunction factors favor the issuance of the temporary restraining order it seeks. Specifically, even if CAVAT has established a likelihood of success on the merits on at least one of its claims—notwithstanding the Court's serious doubts about the viability of at least some of those claims—CAVAT has not established a sufficient likelihood that it will suffer irreparable harm in the absence of the restraining order it seeks, serious questions, or that the balance of equities tips in its favor. The Court therefore denies Plaintiff's Ex Parte TRO.

IT IS SO ORDERED.