UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE and JANE DOE,<br><br>    Plaintiffs,<br><br>    v.<br><br>IVO TANKU TAPANG,<br><br>    Defendant. | Case No. 18-cv-07721-NC<br><br>**ORDER DISMISSING CASE WITH PREJUDICE; AWARDING ATTORNEY'S FEES; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT**<br><br>Re: Dkt. Nos. 85, 96 |

    Before the Court are motions for dismissal of this case under Federal Rule of Civil Procedure 41 and for attorney's fees. Dkt. Nos. 96, 97, 99, 101. After a series of discovery disputes, motions to compel, and the plaintiffs' expressed interest in dismissing their case without prejudice, the Court invited the parties to brief the questions of (1) whether dismissal under Rule 41(a)(2) or 41(b) is proper; (2) whether dismissal should be adjudication on the merits; and (3) whether plaintiffs should be required to pay defendants' costs. Dkt. No. 94. The Court finds that dismissal with prejudice under Rule 41(b) is appropriate here where the plaintiffs' failure to produce discovery and to prosecute the case has prejudiced the defendant, particularly after the Court has already ruled on multiple motions to dismiss and motions for temporary restraining orders earlier in the case. Therefore, the Court GRANTS the motion to dismiss with prejudice under Rule 41(b) and AWARDS defendant $5,567.25 in related fees against plaintiffs' counsel.

I. **Background**

Plaintiffs John Doe and Jane Doe filed this case in December 2018 seeking damages for wrongful death, RICO conspiracy, and terrorism-related claims against defendant Ivo Tanku Tapang. Dkt. No. 1. Plaintiffs allege that Tapang is an international terrorist who directed the killings of their family members in Cameroon. *Id*. The Court granted the plaintiffs' motion to proceed pseudonymously based on plaintiffs' cited fear for their physical safety in light of their allegations against Tapang. Dkt. Nos. 4, 6. In their motion to litigate under pseudonym, Plaintiffs agreed to disclose their identities to Tapang's attorney under an "Attorney's Eyes Only" protective order provision. Dkt. No. 4 at 5.

Plaintiffs filed a motion for a temporary restraining order, which the Court denied. Dkt. Nos. 16, 31. Tapang filed a motion to dismiss, and the Court granted the motion and gave Plaintiffs leave to amend their complaint. Dkt. Nos. 32, 40. Tapang moved to dismiss the amended complaint, and the Court granted the motion as to all but two claims in the amended complaint. Dkt. Nos. 41, 52. Plaintiffs moved for a second temporary restraining order, which the Court again denied. Dkt. Nos. 48, 59. The Court set a deadline of October 11, 2019, for the parties to file a protective order to govern this case. Dkt. No. 62. Plaintiffs did not move for a protective order.

In September 2019, Tapang filed motions to compel plaintiffs' production of initial disclosures, to compel the deposition of Jane Doe, and for a protective order. Dkt. Nos. 66, 68, 70. The Court set a hearing on the discovery issues and ordered the plaintiffs to show cause why they had failed to prosecute the case and had failed to comply with the rules and orders of the Court. Dkt. Nos. 69, 74. Specifically, the Court was concerned that the plaintiffs had not responded to Tapang's requests to set a date for the deposition of Jane Doe. *Id*.

Plaintiffs' counsel was then unresponsive to contact from Tapang and the Court. Dkt. No. 75. Plaintiffs' counsel did not respond to the order to show cause and did not appear at the hearing on the order. *Id*. The Court issued another order to show cause why

2

the case should not be dismissed for failure to prosecute. *Id.* Plaintiffs' counsel responded in writing, appeared at the hearing on the order, and indicated that he had fallen ill while traveling in Cameroon in October. Dkt. No. 79. The Court granted Tapang's motions to compel discovery. Dkt. No. 87. Meanwhile, Plaintiffs filed a third motion for a temporary restraining order. Dkt. No. 85.

The parties were ordered to attend a settlement conference with Magistrate Judge Sallie Kim scheduled for December 13, 2019. Dkt. No. 65. Plaintiffs failed to submit their settlement conference statement to Judge Kim by her deadline. Dkt. No. 92.

As of November 2019, Plaintiffs still had not disclosed their identities to Tapang's counsel despite the Court's order to do so under seal and subject to an Attorney's Eyes Only provision of a protective order. Dkt. No. 87. In December, Plaintiffs filed a discovery letter brief stating that they were "not capable of compliance" with that order citing danger to themselves, their families, and their businesses in Cameroon in the event that Tapang's counsel disclosed their identities to Tapang or his associates. Dkt. No. 93. Plaintiffs also requested dismissal of their case without prejudice. *Id.*

The Court stayed the case and rescinded the settlement referral to Judge Kim. Dkt. No. 94. The Court ordered the parties to brief the questions of (1) whether dismissal under Rule 41(a)(2) or 41(b) is proper; (2) whether dismissal should be adjudication on the merits; and (3) whether plaintiffs should be required to pay defendants' costs. Dkt. No. 94. The Court held a hearing on that briefing. Dkt. No. 103. At the hearing, the Court ordered the plaintiffs to disclose their identities ex parte and under seal to the Court, consistent with its previous orders regarding litigating under pseudonym. *Id.* The Court received the ex parte under seal submission of Plaintiffs' identities on January 15, 2020. Dkt. No. 105.[1]

## II. Legal Standard

Federal Rule of Civil Procedure 41(a) allows a plaintiff to voluntarily dismiss an action under certain circumstances. Rule 41(a)(1) allows for dismissal before the opposing

---

[1] The Court will maintain the ex parte submission under seal. The Court retains jurisdiction to regulate the pseudonym status of the Doe plaintiffs.

3

1 party serves an answer to the complaint or if all parties stipulate to dismissal. Rule
2 41(a)(2) allows for dismissal "by court order, on terms that the court considers proper."
3       Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of a
4 case with prejudice if a plaintiff fails to comply with the Federal Rules of Civil Procedure
5 or with a court order. Dismissal under Rule 41(b) operates as an adjudication on the
6 merits. Under Ninth Circuit precedent, for a Court to dismiss a case under Rule 41(b), it
7 must consider five factors: (1) the public's interest in expeditious resolution of litigation;
8 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the
9 public policy favoring disposition of cases on their merits; and (5) the availability of less
10 drastic alternatives. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)
11 (quoting *Henderson v. Duncan*, 779 F.3d 1241, 1243 (9th Cir. 1986)).

**III. Discussion**

    **A. Dismissal with Prejudice Under Rule 41(b)**

      Here, the Court held that dismissal under Rule 41(a)(1) is not proper because: (1) Tapang has answered the complaint, and (2) the parties have not stipulated to dismissal. Dkt. Nos. 55, 94. The Court invited the parties to propose terms of dismissal under Rule 41(a)(2). Dkt. No. 94. The parties did not propose any terms, though Plaintiffs argue for dismissal without prejudice in their opposition to Tapang's motion for sanctions. Dkt. No. 97 at 12. Tapang, on the other hand, moves for dismissal with prejudice under Rule 41(b). Finding that the requisite circumstances for dismissal without prejudice under Rule 41(a)(1) or (2) have not been met here, the Court considers whether dismissal with prejudice is appropriate under Rule 41(b).

        **1. Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket**

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 989 (1999). Here, the plaintiffs' noncompliance with Court orders and failure to participate in discovery have caused inefficient delays in the case. Like in *Yourish*, where "Plaintiffs' noncompliance . . .

4

1  . caused the action to come to a complete half, thereby allowing Plaintiffs to control the
2  pace of the docket rather than the Court," here, the plaintiffs have not produced complete
3  initial disclosures or discovery and have failed to meet the referred settlement magistrate
4  judge's deadline, preventing this litigation from resolving expeditiously. These same
5  issues create difficulty in the Court's managing of its docket. These factors favor
6  dismissal with prejudice.

### 2. Risk of Prejudice to the Defendant

The Court next asks how the plaintiffs' delays have prejudiced the defendant. *See Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980). One example of such prejudice might be the loss of evidence. *Id.* at 1281. The defendant's prejudice must be causally connected to the plaintiff's delay. *Id.* If the plaintiff has a non-frivolous reason for delay, the defendant bears the burden of showing how he was prejudiced by it. *Id.*

Here, Tapang has shown that he was prejudiced by plaintiffs' failures to comply with the Court's discovery orders to the tune of $4,192.50 in attorney's fees spent litigating the various motions to compel. Dkt. No. 96 at 4. Plaintiff's counsel has cited illness as a reason for missing some deadlines and a court appearance. Dkt. No. 79. However, this explanation fails to cover all of the missed deadlines and the more general decision by plaintiffs to avoid disclosing their identities to both Tapang's counsel and to the Court for many months, including failing to ever move for a protective order to govern the case. The Court finds that this factor favors dismissal with prejudice.

### 3. Public Policy Favoring Disposition on the Merits

Generally, the public policy favoring disposition on the merits is a factor that weighs against dismissal. *Hernandez*, 138 F.3d at 399. However, here, plaintiffs have had multiple opportunities to argue the merits of their claims: the Court has decided two motions to dismiss based on two complaints, and two temporary restraining orders. Dkt. Nos. 16, 31, 32, 40, 41, 48, 52, 59. These filings included hundreds of pages of exhibits as requests for judicial notice, as well as electronic files including videos allegedly depicting

5

the defendant. *Id.* The Court considered full briefing, including the lengthy exhibits, on each of those motions and held multiple hearings. While public policy would favor a full disposition on the merits of the case, here, the parties have litigated and the Court has already decided on the merits of at least some of plaintiffs' allegations. Indeed, one factor that the Court analyzed in its denials of both motions for temporary restraining orders was the likelihood of the plaintiffs' success on the merits: in both orders, the Court found that the plaintiffs had not shown a likelihood of success on the merits. Dkt. Nos. 31, 59.

The Court finds that this factor weighs against dismissal here, but not strongly.

### 4. Less Drastic Alternatives

Plaintiffs have indicated that they wish to dismiss this case and do not intend to continue to prosecute it. Dkt. No. 97. As discussed above, the Court has found that the circumstances here do not warrant dismissal without prejudice under Federal Rule of Civil Procedure 41(a). The Court has considered this less drastic alternative but found that it is inapplicable here.

### 5. Conclusion on Dismissal Under Rule 41(b)

In sum, the court finds that the factors weigh in favor of dismissal of the action with prejudice under Rule 41(b). The Court has considered the balance of the needs of "judicial housekeeping . . . related to the efficient administration of judicial business for the benefit of all litigants with cases pending," against fairness to the litigants in this action. *Nealey*, 662 F.2d at 1279. On balance, the Court finds that dismissal is appropriate. The defendant's motion for dismissal with prejudice under Rule 41(b) is hereby GRANTED. This dismissal functions as an adjudication on the merits. Fed. R. Civ. P. 41(b).

### B. Award of Fees

Defendants also move for monetary sanctions to repay the costs of litigating this suit. Dkt. No. 96. The Court finds that an award of attorney's fees is appropriate here not for all of defense counsel's time spent on the entire action, but only on time spent fruitlessly seeking discovery that plaintiffs had decided they would not produce. Under 28 U.S.C. § 1927, "[o]nce counsel is or should be aware of the impropriety of his or her

6

1 conduct, the costs, expenses, and attorneys' fees for any subsequent proceedings may be
2 considered to be excess expenses and counsel may be required to personally pay them."
3 *Cotterill v. City & Cty. of San Francisco*, Case No. 08-cv-02295-JSW JL, 2010 WL
4 1223146, at * 13 (N.D. Cal. Mar. 10, 2010) (report and recommendation adopted, 2010
5 WL 1910528 (N.D. Cal. May 110, 2010)) (affirmed in part, remanded in part on other
6 grounds, in *Haynes v. City & Cty. of San Francisco*, 474 F. App'x 689 (9th Cir. 2012)).
7 The Court finds that plaintiffs' counsel, Emmanuel Nsahlai, so unreasonably multiplied the
8 proceedings in this case that it is appropriate for him "to satisfy personally the excess
9 costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28
10 U.S.C. § 1927. The Court finds that Mr. Nsahlai exhibited subjective bad faith in his
11 refusal to participate in discovery while expending both the defendant's and the Court's
12 time by prolonging the litigation—through, for instance, filing a third temporary
13 restraining order—rather than voluntarily dismissing the case.

14 Tapang's counsel, Curtis Edmonson, requests his normal billing rate of $325.00 per
15 hour as a lodestar rate for an attorney of his experience (14 years). *Id*. at Ex. 2, Edmonson
16 Declaration, at ¶ 5. Mr. Edmonson states that he has spent 147.78 hours on this case from
17 January 2019 through December 2019. *Id*. at ¶ 7. He spent 12.9 of those hours, totaling
18 $4,192.50 in fees, on issues involving Plaintiffs' failure to produce initial disclosures,
19 including their failure to disclose the plaintiffs' identities as ordered. *Id*. at ¶ 8. He also
20 spent 4.23 hours, totaling $1,374.75 in fees, on preparing this fee motion as ordered by the
21 Court. *Id*. at ¶ 9.

22 The Court finds that both the hourly rate and the time spent on those activities is
23 reasonable. The Court awards the defendant a total of **$5,567.25** in fees representing the
24 time spent working on discovery motions beginning September 1, 2019,[2] against plaintiffs'
25 counsel Emmanuel Nsahlai.

---

27 [2] Defense counsel Curtis Edmonson has submitted billing records to the Court. Dkt. No.
96, Ex. 2. These records indicate that Mr. Edmonson's work on communicating with
28 plaintiff's counsel about initial disclosures, drafting motions to compel, and preparing
other discovery-related matters relevant to this Order began on September 1, 2019. *Id*.

7

## IV. Conclusion

The Court GRANTS the defendant's motion to dismiss the case with prejudice under Rule 41(b).

The Court AWARDS $5,567.25 in fees under 28 U.S.C. § 1927, payable by plaintiffs' counsel Emmanuel Nsahlai, for defendant's counsel Curtis Edmonson's time spent seeking discovery and related motion practice. The fee award must be paid within 60 days of this Order.

Plaintiffs' counsel Emmanuel Nsahlai is hereby ordered to provide a copy of this Order to the Court in any future request in this District to litigate with clients proceeding under pseudonym.

The plaintiffs' third motion for a temporary restraining order at Dkt. No. 85 is DENIED as moot. The Clerk of Court is hereby ordered to terminate this case. The Court retains jurisdiction to enforce this Order.

**IT IS SO ORDERED.**

Dated: January 28, 2020

NATHANAEL M. COUSINS
United States Magistrate Judge

8