NSAHLAI LAW FIRM
EMMANUEL NSAHLAI, SBN (207588)
Email: nsahlai.e@nsahlailawfirm.com
11755 WILSHIRE BLVD, STE 1250
LOS ANGELES, CA 90025
Tel    :  (213) 797-0369
Fax    :  (213) 973-4617

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cameroon Association of Victims of Ambazonia Inc., on behalf of itself and its members and victims;<br><br>Plaintiffs,<br><br>vs.<br><br>Ambazonia Foundation Inc., non-profit Maryland corporation; Ambazonia Interim Government, entity form unknown; Ambazonia Governing Council, entity form unknown; Ambazonia Defense Forces, entity form unknown; Tapang Ivo Tanku, an individual; Christopher Anu Fobeneh a.k.a Chris Anu, an individual.<br><br>Defendants, | **Case No.:** 2:20-cv-01115 PA (ASx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION AWARDING ATTORNEY FEES; AND FOR SANCTIONS AGAINST DEFENDANT TAPANG AND DEFENDANT'S ATTORNEY FOR FALSE INFORMATION AND HOAXES AGAINST THE HONORABLE JUDGE ANDERSON**<br><br>[Memorandum of Points and Authorities; Declarations in Support; and [Proposed] Order Filed Concurrently ]<br><br>Hearing Date:      June 16th, 2020<br>Hearing Time:      10:00 a.m.<br>Hearing Location:  255 E. Temple St., Los Angeles, CA 90012, Ct rm 540 |

-1-

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration      Case No.:2:20-cv-01115-PA

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on June 16th, 2020, at 10 a.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable Alka Sagar, United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, CA 90012, Court room 540, 5th floor, plaintiff will and hereby does move for a motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e), 60(b), and Local Rule 7-18.

Plaintiffs seek to rescind the award of attorney fees to counsel for defendant.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 19th, 2020. I noted to counsel for defendant that his client was making false information and hoaxes about Judge Anderson Percy in this matter, and Judge Nathanael Cousins, of the Northern District of California, San Jose, CA, and provided supporting evidence to him. Later on May 20th, 2020, I advised counsel that I would bring motions under Rules 59 and Rule 60. Counsel for Tapang opposed on May 21, 2020, and threated Rule 11 sanctions if this motion was brought. I also reminded Counsel for Tapng of his legal and ethical duties, and gave him advance specific knowledge, that his client was posting emails from his lawyer and redacted copies of Court documents from this case, on his Facebook shows, to make false statements and hoaxes about Judge Anderson Percy and this Court, as he seeks financial contributions, while falsely telling his audience that Judge Anderson in this case has recognized "Ambazonia Independence" via the Court documents he presents and emails from his attorney.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities and declarations, the complaint, all pleadings and papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

2

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration          Case No.:2:20-cv-01115-PA

|   |   |
|---|---|
|   | Respectfully Submitted, |
| Date: May 29, 2020 | /s/EmmanuelNsahai |
|   | NSAHLAI LAW FIRM |
|   | EMMANUEL NSAHLAI, SBN (207588) |
|   | Email: nsahlai.e@nsahlailawfirm.com |
|   | 11755 WILSHIRE BLVD, STE 1250 |
|   | LOS ANGELES, CA 90025 |
|   |   |
|   | Attorney for Plaintiff |

3

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration       *Case No.:2:20-cv-01115-PA*

NSAHLAI LAW FIRM
EMMANUEL NSAHLAI, SBN (207588)
Email: nsahlai.e@nsahlailawfirm.com
11755 WILSHIRE BLVD, STE 1250
LOS ANGELES, CA 90025
Tel   :  (213) 797-0369
Fax   :  (213) 973-4617

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cameroon Association of Victims of Ambazonia Inc., on behalf of itself and its members and victims; § § § § | **Case No.:** 2:20-cv-01115 PA (ASx) |
| Plaintiffs, § § | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| vs. § § § | |
| Ambazonia Foundation Inc., non-profit Maryland corporation; Ambazonia Interim Government, entity form unknown; Ambazonia Governing Council, entity form unknown; Ambazonia Defense Forces, entity form unknown; Tapang Ivo Tanku, an individual; Christopher Anu Fobeneh a.k.a Chris Anu, an individual. § § § § § § § § § | [Notion of Motion and Motion; Declarations in Support; and [Proposed] Order Filed Concurrently ] |
| § § § | Hearing Date:     June 16th, 2020 Hearing Time:     10:00 a.m. Hearing Location:  255 E. Temple St., Los Angeles, CA 90012, Ct rm 540 |
| Defendants, | |

4

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration       *Case No.:2:20-cv-01115-PA*

TABLE OF Contents

I. INTRODUCTION AND STATEMENT OF FACTS ........................................... 6

II. LEGAL STANDARD ................................................................................................... 9

   A. **There was a manifest failure to consider material facts presented to the Court before the Order and there was a material difference in fact from that presented to the Court before such decision that could not have been known to plaintiffs.** ............................................................................................... 10

   B. **The emergence of new materials facts after the time of such a decision and other circumstances that make an award of expenses unjust** .......................... 11

   C. **Other circumstances that make an award of expenses unjust, because of the material facts presented which the Court did not consider, material difference in facts, and emergence of new facts.** ................................................... 14

   D. **Even arguendo the Court finds that attorney fees are appropriate, the fees charged are excessive.** ........................................................................................ 16

III. CONCLUSION ........................................................................................................ 17

CERTIFICATE OF SERVICE ................................................................................................ 19

5

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration        *Case No.:2:20-cv-01115-PA*

# TABLE OF AUTHORITIES

**Cases**

*Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) .................................................................................................................. 8

*Atchison, Topeka & Santa Fe R.R. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ......................................................................................................... 9

*Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). .. 9

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) ................................................................................................................... 8

United States v. Tuohey, 867 F.2d 534, 537 (9th Cir. 1989). ................................... 12

**Statutes**

Federal Rule of Civil Procedure 59(e) ........................................................................ 8

Rule 60(b) ............................................................................................................. 8, 9

**Other Authorities**

Local Rule 7-18(a), (b) and (c). .................................................................................. 9

6

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration          *Case No.:2:20-cv-01115-PA*

## I.   INTRODUCTION AND STATEMENT OF FACTS

This Complaint filed on February 5, 2020, arises out defendants violation of the anti-terrorism act, and brings counts against him for: conspiracy to kill, kidnap, maim or injure persons or damage property in a foreign country; violation of the material support of terrorism statutes; violation of the expedition against friendly country; and violation of the prohibition against financing terrorism. The defendant Tapang, alleged to be an international terrorist, is under active FBI investigations for international terrorism which, because his direct victims who number in thousands are 10,000 km away, it makes the criminal prosecution case against him harder. This defendant has already had a TRO issued against him for "terrorizing", committed perjury in court, and now consistently makes false information and hoaxes against Federal Judges such as Judger Anderson Percy and Judge Nathanael Cousins, on his public "Rebel TV" Facebook show.

Plaintiffs could not proceed with the prosecution of the case and this Court dismissed it without prejudice on May 13, 2020. It is noteworthy that prior to filing this case, on January 16, 2020, plaintiffs attorney had sent a "cease and desist" letter to Square Inc., identifying certain financial accounts used in violation of the material support of terrorism statutes. Two weeks prior to the case's dismissal, plaintiffs attorney had issued three subpoenas to Square Inc., Bank of America, and PayPal Inc. The case was dismissed without prejudice on May 13, 2020. For the first time on May 14, 2020, counsel for Square Inc. contacted plaintiffs attorney and left his email. Plaintiffs attorney emailed counsel for Square Inc on same day, May 14, 2020, and noted two issues for discussion: the subpoena **and** it's "compliance" with the cease and desist letter sent on January 16, 2020.

However, counsel for Tapang, alleged to the Court in its motion to quash that this email was seeking compliance with the subpoena. It is pertinent that counsel for Tapang filed his ex parte application to quash the subpoena after he had knowledge that it is a moot point as the subpoena will not be complied by Square and it was withdrawn by plaintiffs. The Court, not knowing the history of the prior

7

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration        *Case No.:2:20-cv-01115-PA*

communication to Square Inc. on January 16, 2020 with regards to a cease and desist, and based on the allegations of Tapang's attorney that enforcement of the subpoena was sought via that email, and misreading the email between plaintiffs' counsel and Square Inc., awarded attorney fees to defendants attorney. The Court also failed to notice the declaration of Tapang's attorney that defense counsel did "meet and confer" (though disagreed about the need for filing any motions), and in fact, defense counsel sent a responsive email to the "meet and confer" email, to show its objections to any motions with regards to the subpoena, noting that the case was closed, and hence no subpoena could obviously be enforced.  Thus, not only was the motion to quash not meritorious, but it was also moot as to Square Inc. which the court acknowledged in its Order ( Dkt 31).  Once the Court failed to note the material mistake of fact with regards to counsel for plaintiff's email to Square on May 14, 2020, it therefore follows that everything else that happens were viewed in that skeptical light of plaintiffs attorney seeking compliance of the Square subpoena. Thus, for example, the Court did not address the fact that in the email to Square withdrawing the subpoena, ***before*** the ex parte was filed, Counsel proceeded to discuss Square's "compliance" with the cease and desist letter of January 16, 2020. That is the only "compliance" counsel for plaintiff wanted to discuss, and that's why it's email separate the subpoena issue with a "column", or " ;" from the discussion on "compliance with material support of terrorism statutes…." There is no way plaintiff would have known before the Judge's Order that it would not heed the importance of word separations and sentences in the evidence presented, and/or, it would fail to notice it in that critical email to the attorney of Square Inc.

In addition, new facts of defendants Tapang continuous false information and hoaxes against Judge Anderson Percy in violation of penal code 18 U.S.C. 1038, even after his attorney was notified, show that an Award of expenses is unjust. It further show give rise to sanctions against the defendant Tapang, an award of attorney fees against the defendant Tapang, and an Order to not make any claims that Judge

8

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration          Case No.:2:20-cv-01115-PA

Anderson Percy has "recognized Ambazonia's right to independence" or "approve of our fight for secession and independence."

## II.     LEGAL STANDARD

A final order may be reconsidered "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J*, *Multnomah Cty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). If the motion is filed within twenty-eight days of entry of judgment, it is treated as a Rule 59(e) motion. See *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (referring to a previous version of Rule 59(e) requiring the motion to be filed within ten days of judgment instead of twenty-eight); Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend a judgment to be filed within twenty-eight days after entry of judgment); see also Fed. R. Civ. P. 59 advisory committee's notes to 2009 Amendments. Otherwise, the motion is treated as a Rule 60(b) motion. *Am. Ironworks & Erectors*, 248 F.3d at 899.

Rule 59(e) permits reconsideration where (1) the court "is presented with newly discovered evidence," (2) the court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." *Sch. Dist. No*. 1J, 5 F.3d at 1263. Other highly unusual circumstances may also warrant reconsideration under the rule. Id. Rule 60(b) sets forth the following grounds for relief from a final judgment, order, or proceeding: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or, (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b); see also *Am. Ironworks & Erectors*, 248 F.3d at 899.

The Central District's Local Rules further provides under Local Rule 7-18, a party may seek reconsideration upon a showing of one of the following: (1) "a material difference in fact or law" from that initially presented to the Court, which the party could not have known by exercising reasonable diligence; (2) "the emergence

9

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration      *Case No.:2:20-cv-01115-PA*

of new material facts or a change of law" after the Court's order; or, (3) "a manifest showing of a failure to consider material facts presented to the Court." C.D. Cal. L.R. 7-18. Local rules have the force and effect of law so long as they are not inconsistent with a statute or the Federal Rules. See *Atchison, Topeka & Santa Fe R.R. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). A court should not depart from the local rules unless the effect on the parties' rights would be "so slight and unimportant that the sensible treatment is to overlook it." *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994).

Reconsideration of this matter is warranted under Federal Rule of Civil Procedure 60(b)(1- 6) and Local Rule 7-18(a), (b) and (c).

**A. There was a manifest failure to consider material facts presented to the Court before the Order and there was a material difference in fact from that presented to the Court before such decision that could not have been known to plaintiffs.**

In its Order dated May 19, 2020 (ECF 31), this court noted that according to the declaration of defendants attorney, plaintiffs attorney sent an email to counsel for Square Inc. in reference to "subpoena and its compliance……" after the case was dismissed, citing (Dkt. No. 23 at 1-2; Edmondson Decl., Exh. 3). The Court relies heavily on this reference, and the fact that Plaintiffs "did not withdraw the subpoena until after he was informed that Square would not comply…."

Plaintiffs could not have known, prior to reading this Order, that the Court would read its email message without considering the significant of the semi-column in that sentence, which indicates that there were two separate issues counsel for plaintiffs wanted to discuss with Square Inc. (Nsahlai Decl. ¶4-5, Exh. A-B) This played a pivotal role in the Court believing that plaintiffs counsel was seeking compliance with the subpoena of Square Inc., whereas plaintiffs counsel was patently not. (Nsahlai Decl. ¶4-6; Exh. A-B). Plaintiffs counsel wanted to discuss its withdrawal of the subpoena with Square Inc., and Square Inc's compliance with its

10

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration          Case No.:2:20-cv-01115-PA

cease and desist letter (Nsahlai Decl. ¶4-5, 8-9, Exh. A-C). That above is also supported by the fact that, prior to defendants filing the motion to quash, plaintiffs attorney notified counsel for Square Inc. of its withdrawal of the subpoena and then proceeded to discuss Square Inc's compliance with the cease and desist letter. *Id*.

Accordingly, given its withdrawal of the subpoena to Square Inc. prior to the filing of the Ex Parte, plaintiffs position that the issues are closed and resolved as the case is dismissed in a meet and confer email to defendants attorney ***prior*** to the filing of the Ex Parte, Nsahlai Decl. ¶Exh. B002

**B. The emergence of new materials facts after the time of such a decision and other circumstances that make an award of expenses unjust**

In a post attached by the defendant on his Facebook page, attached as **Exhibit D** to the declaration of Emmanuel Nsahlai, here is the link to his Facebook page and the post, https://www.facebook.com/ABN-TV-2020334298254722/ , he writes falsely in a report he publishes on Facebook about Judge Percy Anderson of the Central District Court, that:

> "1. Judge Anderson dismissed the lawsuit, ....... and the Judge added that it was "frivolous before it could be served on defendants." That is patently false.
> 2. That Judge Anderson "has also taken up another case against Emmanuel Nsahlai by referring him to the California bar for secretly sending Subpoenas against defendants......"

That is also patently false.

These two factual statements which he writes are false information and hoaxes, and a conspiracy to defraud the United States, using Honorable Judge Percy Anderson.

In addition, related to this case, defendant Tapang makes further false information about a public governmental entity, writing that "The California Bar

11

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration       Case No.:2:20-cv-01115-PA

Association has uncovered a forged document by a Cameroun-trained lawyer in the USA, Emmanuel Kongnyuy Nsahlai...."

That also, is a false misrepresentation about an official government agency, The State Bar of California.

The undersigned believes it has a duty to report these crimes because there is credible evidence via his Facebook page and postings and video, that he has used this case and the presiding Judge Honorable Percy Anderson, to violate 18 USC section 1038 (False information and hoaxes) with regards to both Judge Anderson and The State Bar of California.

There further appears to be credible evidence that defendant Tapang is engaged in a violation of 18 USC section 371 "Conspiracy to defraud the United States."  The Justice department in this link explained the application of this statute.  https://www.justice.gov/archives/jm/criminal-resource-manual-923-18-usc-371-conspiracy-defraud-us Essentially, it noted that "The general purpose of this part of the statute is to protect governmental functions from frustration and distortion through deceptive practices. Section 371 reaches "any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government." *Tanner v. United States*, 483 U.S. 107, 128 (1987); *see Dennis v. United States*, 384 U.S. 855 (1966). The "defraud part of section 371 criminalizes any willful impairment of a legitimate function of government, whether or not the

improper acts or objective are criminal under another statute." *United States v. Tuohey*, 867 F.2d 534, 537 (9th Cir. 1989)."

In the defendants Facebook videos on multiple dates since the Court's Order of May 17, 2020, he further makes the false statement that Judge Anderson and has "recognized Ambazonia State", approved of its existence, and thus his supporters should feel free to support him and contribute financially to his cause. He brandishes what he says are emails form his attorney and Court Orders signed by Judge Anderson in this case as proof.

This misconduct behavioral pattern is one that this Court has already seen so well, even in the brief pleadings so far in this case. Defendant Tapang filed their motion to quash, even after they knew Square Inc. would not comply with the subpoena, yet made representations to the contrary to this court with regards to Square Inc.  They also make many unsubstantiated and untrue allegations as noted in plaintiffs opposition. In their "Reply", they did not deny that Tapang committed perjury with his attorneys knowledge in a prior case at the State Superior Court Los Angeles were a TRO was obtained against him.  Currently, they are seeking to use the Court system to intimidate and harass plaintiffs' clients and their attorney from making well-founded credible reports of his criminal and terrorist actions, as well as reporting unfounded allegations to the Bar to pressure plaintiffs attorney to abandon the cases.

**C. Other circumstances that make an award of expenses unjust, because of the material facts presented which the Court did not consider, material difference in facts, and emergence of new facts.**

While the Court feels the motion to quash was "meritorious", the false statements in defendants counsels allegations, as well as material omissions of important information such as the fact that they knew Square Inc. would not comply with the subpoena prior to filing their motion, makes an award of expenses unjury.

The Court also believes that plaintiffs counsel refused to "meet and confer", but in fact plaintiffs responsive email to the "meet and confer", noting its objections to a motion to quash and its legal and factual reasoning behind its objections, is another mitigating factor that makes the award of expenses unjust. Rather than respond to defendant counsel email responsive to his "meet and confer", counsel for Tapang, with knowledge that the subpoena to Square was withdrawn, hurriedly filed and ex parte application with materially false statements and omissions – for example, he failed to state his knowledge that Square will not comply with the subpoena due to defects in service, their knowledge of case closure, and other specific legal reasons.

The Court's decision also states that "Plaintiff's counsel also refused to meet and confer prior to Tanku's filing of the ex parte application…" ( ECF 31, Page 3). However, that is directly in contravention of defendants declaration where he noted "I

14

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration          *Case No.:2:20-cv-01115-PA*

met and conferred with Plaintiff's counsel and he said he would oppose this motion." (Dkt 22-3, Edmondson Decl. ¶ 6)

As noted above, the Court erroneously believes that "On May 14, 2020, Plaintiff's counsel reached out to Square Inc., to discuss the 'subpoena and its compliance' *after* the case had been dismissed …" (DKt 31, Page 3). However, that is a wrong sequence of events, and plaintiffs could not have known when replying that the Court will read this sequence of events wrongly. Plaintiffs' counsel did not reach out to Square Inc. after the case was dismissed. Rather, On May 14, 2020, Square Inc. **reached out**  to plaintiffs counsel ( Nsahlai Decl. ¶, Exh. A003 ). Plaintiff's counsel was therefore only responding to the call from counsel from Square Inc., and thus wanted to also discuss Square Inc.'s compliance with the cease and desist letter. ( Nsahlai Decl. ¶6 , Exh. A001 )

As explained in depth above, the defendant's false information and hoax against this Court makes an award of expenses unjust. Further, in its moving motion, counsel for Tapang noted that it "will appear Ex-Parte before this Court for a Protective Order and to Quash a Subpoena issued on "Square" by Plaintiff's Counsel in this case. ( Dkt. 22, pg 1. P 22-25 ). It pointed in the application did not tell the court about its knowledge of Square's objections and non-compliance as already registered to it. Further, in additional false allegations and misrepresentation, counsel for Tapang at Dkt. 23 stated that an email from Plaintiffs counsel "shows that counsel for Plaintiff was trying to enforce the  subpoena after the case was dismissed on May 13, 2020." (

15
*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration          Case No.:2:20-cv-01115-PA

Dkt. 23, P 27-28) Plaintiffs counsel misrepresentation is not supported by the email attached because, as explained above, I was responding to a call from Square Inc.'s counsel earlier that day, and wanted to discuss with them its "compliance with the material support of terrorism statutes….". My only contact with counsel for Square for anything was when he contacted me on May 14, 2020, and I sent to him the follow-up email. At no point was compliance with the subpoena attempted, and the Court relied on counsel for defendants drastic misrepresentation of facts. In fact, a proper interpretation of plaintiffs counsel email to Tapang's attorney shows that he did not want to enforce the subpoena, as he writes that "the case is currently dismissed without prejudice….there is nothing for us to meet and confer at this moment." Plaintiffs attorney obviously knew there will be no compliance for defective subpoenas, Square has said it will not comply, the case was dismissed, and so there could be no meritorious additional motions. At the very least, for a proper meet and confer, counsel for defendant should have responded to plaintiffs counsel reply email.

**D. Even arguendo the Court finds that attorney fees are appropriate, the fees charged are excessive.**

It is clear that the subpoena for Square Inc. was withdrawn prior to Counsel for defendant filing his "supplemental brief". Further, the Supplemental brief contained false misrepresentations that plaintiff sought enforcement, even though counsel for plaintiff already knew via email from plaintiffs attorney, and on information and belief from Square's counsel also, that the subpoena was withdrawn

16

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration         Case No.:2:20-cv-01115-PA

and there will be no compoliance. Thus, it was entirely un-necessary supplemental brief.

In addition, the time spent preparing defendants "reply" should be vacated because it spends much time harping on its misrepresentation that "Nsahlai sought compliance with Square (Dkt. 27, page 4-7), when it knew no such thing was attempted, and further the Declaration attached was wholly un-necessary and frivolous as it discusses issues not raised it its motion, and totally un-related to the case, with details of criminal reports of the terrorist acts made against the defendant. ( Dkt 27 ). Quite apart from the fact that the declaration at Dkt. 27 and its discussions of the criminal reports and cases against defendant has nothing to do with the motion to quash the subpoena, the FBI is indeed investigating this defendant for international terrorism amongst other crimes as they called me twice during the week of May 15, 2020 to discuss the complaints, and I have personal knowledge of over a dozen persons who have reported this defendant Tapang to the FBI for international terrorism. **Nsahlai Decl.** ¶17-18.

### III. CONCLUSION

Wherefore, plaintiffs pray that the Award of attorney fees be vacated; and that defendant Tapang and his attorney be sanction for misconduct, and for criminal misconduct in the case of Tapang; and that Tapang be ordered not to provide false information and hoaxes against this Court.

17
*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration  Case No.:2:20-cv-01115-PA

Respectfully Submitted,

Date: May 29, 2020         /s/EmmanuelNsahai
                                        NSAHLAI LAW FIRM
                                        EMMANUEL NSAHLAI, SBN (207588)
                                        Email: nsahlai.e@nsahlailawfirm.com
                                        11755 WILSHIRE BLVD, STE 1250
                                        LOS ANGELES, CA 90025

                                        Attorney for Plaintiff

18

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration         *Case No.:2:20-cv-01115-PA*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2020, I directed that the foregoing document be electronically filed with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to counsels of record.

Date: May 29, 2020

By:_____/S/_____
EMMANUEL NSAHLAI

*Cameroon Association of Victims of Ambazonia Terrorism. v. Ambazonia Foundation Inc. et al*
Plaintiffs Nt of Mtn and Mtn for Reconsideration          *Case No.:2:20-cv-01115-PA*